B1040 (FORM 1040) (12/15)

**17 - 01045 MER**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

FILED
CLERK OF COURT
FEB - 7 2017
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

**PLAINTIFFS**
Harry Long and Karen Lovell

**DEFENDANTS**
James Maes
Gina Maes

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Dustin J. Klein #45074   800-989.3539
The Culpepper Law Firm
1900 Grant, Ste 1110, Denver 80203

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor        ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor        ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection to discharge 11 USC §523(a)(2)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**



PAID

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>James Maes & Gina Maes | | BANKRUPTCY CASE NO.<br>16-20679-MER | |
| DISTRICT IN WHICH CASE IS PENDING<br>Colorado | | DIVISION OFFICE | NAME OF JUDGE<br>Romero |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* #45074 | | | |
| DATE<br>Feb 7, 2017 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Dustin J. Klein | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

FILED
CLERK OF COURT
FEB - 7 2017
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

IN RE:
JAMES R. MAES and GINA M. MAES, )
)
)    Bankruptcy Case No.
Debtors. )
)    16-20679-MER
)
_____ )
)    Chapter 7
HARRY LONG and KAREN LOVELL, )
)
Plaintiffs, )
)
v. )    Adversary No.
)
JAMES R. MAES and GINA M. MAES, )    17-01045 MER
)
)
Defendants. )

### CREDITORS HARRY LONG AND KAREN LOVELL'S
### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COME NOW Harry Long and Karen Lovell (the "Plaintiffs"), by and through their attorneys, The Culpepper Law Firm, P.C., and for their Complaint, respectfully state as follows:

**PARTIES AND JURISDICTION**

1.    This Court has jurisdiction pursuant to 11 U.S.C. § 362(d), as this is related to a pending proceeding in the U.S. Bankruptcy Court, District of Colorado, Chapter 7, Case No. 16-20679-MER.

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

3.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4.    Plaintiffs are the potential judgment creditors of Debtor-Defendants James Maes ("Defendant J. Maes") and Gina Maes ("Defendant G. Maes") (collectively, at times, "Defendants"), according to Defendants' bankruptcy petition and schedules. *See* Defs.'s Bankr. Pet., 28, ECF No. 1.

5. Plaintiffs are Plaintiffs in state court litigation against Defendants based upon Defendants' fraud and intentional misrepresentations leading up to the purchase of certain real property in Arapahoe County, Colorado, sold by Debtor-Defendants.

6. Defendants are two of the defendants in the state court litigation brought by Plaintiffs, *Long et al. v. Maes et al.*, Arapahoe County District Court, Case No. 16CV30953 (the "Arapahoe County Case"), in which Plaintiffs allege Defendants intentionally misrepresented facts relevant to Plaintiffs' purchase of Defendants' property in Arapahoe County, Colorado.

7. The Arapahoe County Case is pending, with a seven-day jury trial set to begin on May 8, 2017.

8. No judgments have entered in the Arapahoe County Case.

9. Defendants filed the immediate Chapter 7 bankruptcy petition on October 31, 2016, and listed Plaintiffs as creditors of an unsecured, unliquidated, and disputed debt in the amount of $100,000.00, despite no judgment having yet entered. *See* Defs.'s Bankr. Pet. at 30, ECF No. 1.

10. Defendants state their only other unsecured debt is an amount totaling $17,784.00, which is less than the $18,000.00 that they testified to gifting to their three children within one year preceding the filing of the bankruptcy petition. *See id.* at 28–30,

11. Defendants list two secured creditors, one for their mortgage and one for their child's vehicle, each of which they testified that they intend to continue paying to retain the home and the vehicle. *See id.* at 26–27.

12. Upon information and belief, Defendants reside at 281 County Road 57, Meeker, Colorado 81641.

13. Jared Walters is the Chapter 7 trustee assigned to this case.

**FACTUAL ALLEGATIONS**

14. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

15. On or about April 15, 2016, Plaintiffs filed suit against Defendants, alleging, *inter alia*, that Defendants fraudulently and intentionally misrepresented material facts relating to the purchase of certain real property.

16. Defendants owned the real property commonly known as 68300 East Harvard Avenue, Byers, Colorado 80103, (the "Property"), from approximately April 8, 2004.

17. During the summer of 2014, the Property sustained flooding that prevented the proper functioning of the septic tank system. The flooding was so severe that the house itself

was threatened and the bathrooms and other drain systems in the house were rendered unusable. The septic system and leach field for this residence were rendered non-functioning by the extent of flooding. The situation was reported in a story by KUSA-TV Channel 9 News on July 11, 2014. Defendant J. Maes was interviewed and admitted catastrophic flooding occurred on the Property; he was quoted as saying they had to use a porta-potty and that "he's afraid that if he can't get the water levels down, his family will have to move." Defendants wholly failed to disclose this flooding to Plaintiffs, despite many opportunities to do so.

18. Instead, Defendants repeatedly insisted, via their real estate broker Nancy Dixon, that the flooding and high water had been limited to the "catch pond" on the Property. The catch pond is a distance from the septic tank and leach field.

19. The Defendants listed the Property for sale on August 10, 2014; almost immediately after the July flooding subsided.

20. The Defendants had the septic tank pumped on August 13, 2014, immediately after listing the Property for sale.

21. Plaintiffs, without knowledge of the flooding, entered into a contract to purchase the Property and the sale closed on or about November 18, 2014.

22. As part of the sale of the Property, the Defendants provided a Seller's Property Disclosure (Residential) to the Plaintiffs. The Sellers failed to disclose the flooding or any other flooding in any way. Under "Structural Conditions: Moisture and/or water problems", Defendants checked the box marked "No" without any further explanation. Under "Water, Sewer & Other Utilities", Defendants marked "Sewage Problems" as "No." *See* **Exhibit 1** for Seller's Property Disclosure form.

23. As a precedent to the sale of the Property, Sellers were required to have the septic tank and sewage system inspected and apply for a permit with Arapahoe County and Tri-County Health.

24. Defendants failed to have the septic system inspection and permit process completed prior to the closing and the closing was completed subject to the inspection and permit process being completed in a timely manner.

25. Defendants' Sellers' Broker, Nancy Dixon ("Ms. Dixon"), presented an invoice for the septic tank inspection prior to closing, negligently leading Plaintiffs to believe that the inspection had been conducted and that the report was pending. *See* **Exhibit 2** for a copy of the High Plains Sanitation Service Invoice dated November 14, 2014.

26. Upon information and belief, Ms. Dixon spoke with a representative of High Plains Sanitation Service on November 17, 2014 regarding completing the inspection and was told the earliest possible date to complete the inspection was November 20, 2014.

27. No funds were escrowed to deal with the septic system and the results of the inspections in the event that remediation was needed. Buyers relied upon Sellers representations that the septic system was functioning normally.

28. As evidenced by the KUSA- TV Channel 9 News interview with Defendant J. Maes on July 11, 2014, the representations were patently false since the system had only recently been completely covered with water.

29. Once the septic system was inspected, after the closing, issues were noted including that the outlet access port was broken, the inlet line was full of water, the outlet line was full of water, and the absorption field was saturated with "14 [inches] of standing effluent in the inspection port." The inspection noted that the standing effluent indicated the field was oversaturated and no longer operating effectively. The inspector found the "system to be in questionable condition, and not functioning properly. The tank was overfull, despite being pumped on August 13, 2014, it was noted that the field was underwater [sic] at that time, due to excessive rains and flooding in the area. As of Nov [sic] 2014, the field has not dried out and is not taking water from the tank." *See* **Exhibit 3** for inspection report of High Plains Sanitation.

30. Defendants agreed to remedy the septic issues to allow the system to be properly permitted for residential use.

31. Plaintiffs have been told by a qualified engineer that the septic must be relocated to avoid issues with flooding in the future, such as those experienced by the Defendants in July 2014. Plaintiffs have communicated the estimates for this work to Defendants.

32. From the end of November, 2014, through the end of January, 2016, a span of just over 14 months, Plaintiffs have had the septic tank pumped three times in order to maintain some functionality. The leach field for the septic system has been under water a significant portion of that time. Arapahoe County and Tri-County Health have put Plaintiffs on notice that if the septic system is not remediated by moving the leach field to a functional location, Plaintiffs will need to vacate their home.

33. Defendants failed to remedy the septic issue.

34. Defendants have stopped responding to Plaintiffs attempts to communicate.

35. Defendants have actively impeded remediation of the septic system by disputing the engineers' findings.

**FIRST CLAIM FOR RELIEF**
**11 U.S.C. § 523(a)(2)(B)**

36. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

37. Defendants made representations as to the quality, condition, and habitability of the real property by failing to disclose the extreme flooding from the previous summer.

38. As noted above, Defendant J. Maes gave a recorded interview to KUSA-TV Channel 9 News wherein he lamented the extreme flooding and stated "[he's] afraid that if [he] can't get the water levels down, [his] family will have to move."

39. Defendants further failed to disclose that when the septic tank had been pumped on August 13, 2014, High Plains Sanitation Services specifically called to notify Defendant J. Maes that the tank had been overfull and the leach field was saturated, negatively impacting the functioning of the septic system.

40. Defendants failed to disclose that the septic system inspection had not been completed prior to the closing.

41. On information and belief, Defendants failed to disclose the flooding and the true condition of the septic system with the intention that Plaintiffs rely on the representations, which served to induce Plaintiffs to purchase the Property.

42. Plaintiffs did in fact rely upon the representations, in that knowledge of the flooding situation would have changed the due diligence performed by Plaintiffs and the negotiations for the sale.

43. In addition, knowledge of the recent history of the septic system, especially combined with the lack of a completed inspection, would have resulted in either delaying the closing of the sale of the Property or in escrowing funds in the event of failed inspection.

44. If the flooding situation had been disclosed, the Plaintiffs may have chosen to negotiate remediation and conditioned the closing on the success of the remediation, or Plaintiffs may have chosen not to purchase the Property.

45. Plaintiffs purchased the Property after relying upon the representations by omission of Defendants.

46. After purchasing the Property, Plaintiffs' Property was severely flooded, similar to the earlier flood that was reported on Channel 9. As a result of the flooding, Plaintiffs learned significant alterations to the land and repairs to the septic system must be made for the Property to be habitable.

47. The potential for recurrent extreme flooding reduces the value of the Property.

48. The inability to obtain a permit for the septic system, and the requirement for the septic system and leach field to be remediated, drastically reduces the value of the Property, and limits Plaintiffs' ability to quietly enjoy the Property.

49. Defendants' intentional false representations caused Plaintiffs' injury and damages related to the septic system and future flooding, both of which reduce the value of the Property.

## PRAYER FOR RELIEF

WHEREFORE, based on the above, Plaintiffs respectfully request an Order of this Court DENYING Debtors' discharge as to Plaintiffs' judgment.

Dated: February 7, 2017

Respectfully submitted,

/s/Dustin J. Klein
Dustin J. Klein, Attorney No. 45074
The Culpepper Law Firm, PC
1900 Grant Street, Suite 1110
Denver, Colorado 80203
P: 800.909.3539
F: 800.909.3734
dklein@culpepperlaw.us
Attorney for Harry Long and Karen Lovell
*Plaintiffs*

1/7/2015   https://www.ctmecontracts.com/eContracts/m_eCON/CONTRACTS/Listing_Contracts/PRINT_SPD19_08.asp?SO_ID={DA3CC814-D1A3-4DD4-8852-...

 **Private Label Realty**
Nancy Dixon
Ph: 303-646-1187

The printed portions of this form, except differentiated additions, have been approved by the Colorado Real Estate Commission. (SPD29-10-11) (Mandatory 1-12)

DATE FILED: April 15, 2016 2:30 PM
FILING ID: 50324E27BF10B
CASE NUMBER: 2016CV30953

**THIS FORM HAS IMPORTANT LEGAL CONSEQUENCES AND THE PARTIES SHOULD CONSULT LEGAL AND TAX OR OTHER COUNSEL BEFORE SIGNING.**

## SELLER'S PROPERTY DISCLOSURE
## (RESIDENTIAL)

### THIS DISCLOSURE SHOULD BE COMPLETED BY SELLER, NOT BY BROKER.

Seller states that the information contained in this Disclosure is correct to Seller's CURRENT ACTUAL KNOWLEDGE as of this Date. Any changes will be disclosed by Seller to Buyer promptly after discovery. Seller hereby receipts for a copy of this Disclosure. If the Property is part of a Common Interest Community, this Disclosure is limited to the Property or Unit itself, except as stated in Section L. Broker may deliver a copy of this Disclosure to prospective buyers.

Note: If an item is not present at the Property or if an item is not to be included in the sale, mark the "N/A" column. The Contract to Buy and Sell Real Estate, not this Disclosure form, determines whether an item is included or excluded; if there is an inconsistency between this form and the Contract, the Contract controls.

Date: *8/11/2014*
Property Address: *68300 E Harvard Byers CO 80103*
Seller: *James R. Maes and Gina M. Maes*

## I. IMPROVEMENTS

| A. | STRUCTURAL CONDITIONS Do any of the following conditions now exist or have they ever existed: | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| 1 | Structural problems | | X | | | |
| 2 | Moisture and/or water problems | | X | | | |
| 3 | Damage due to termites, other insects, birds, animals or rodents | | X | | | |
| 4 | Damage due to hail, wind, fire or flood | X | | | | Some Roof and Siding Paint Damage |
| 5 | Cracks, heaving or settling problems | | X | | | |
| 6 | Exterior wall or window problems | | X | | | |
| 7 | Exterior Artificial Stucco (EIFS) | | | | X | |
| 8 | Any additions or alterations made | | X | | | |
| 9 | Building code, city or county violations | | X | | | |

| B. | ROOF Do any of the following conditions now exist: | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| 1 | Roof problems | | X | | | |
| 2 | Roof material: Comp Shingles Age 2 Roof material: Age | | | | | |
| 3 | Roof leak: Past | | X | | | |
| 4 | Roof leak: Present | | X | | | |
| 5 | Damage to roof: Past | | X | | | |
| 6 | Damage to roof: Present | | X | | | Some Hail Damage |
| 7 | Roof under warranty until, Transferable | | X | | | |
| 8 | Roof work done while under current roof warranty | | | | X | |
| 9 | Skylight problems | | X | | | |
| 10 | Gutter or downspout problems | | X | | | |

| C. | APPLIANCES Are the following now in working condition: | IN WORKING CONDITION Yes | No | Do Not Know | Age If Known | N/A | Comments |
|---|---|---|---|---|---|---|---|
| 1 | Built-in vacuum system & accessories | | | | | X | |
| 2 | Clothes dryer | | | | | X | |
| 3 | Clothes washer | | | | | X | |
| 4 | Dishwasher | X | | | | | |

**PLAINTIFF'S EXHIBIT 1**

https://www.ctmecontracts.com/eContracts/m_eCON/CONTRACTS/Listing_Contracts/PRINT_SPD19_08.asp?SO_ID={DA3C    1/6

1/7/2015   https://www.clmecontracts.com/eContracts/m_eCON/CONTRACTS/Listing_Contracts/PRINT_SPD19_08.asp?SO_ID={DA3CC614-D1A3-4DD4-8852-...

| # | Item | Yes | No | Do Not Know | Age If Known | N/A | Comments |
|---|---|---|---|---|---|---|---|
| 5 | Disposal | ☒ | | | | | |
| 6 | Freezer | | | | | ☒ | |
| 7 | Gas grill | | | | | ☒ | |
| 8 | Hood | ☒ | | | | | |
| 9 | Microwave oven | ☒ | | | | | |
| 10 | Oven | ☒ | | | | | On off switch does not work properly |
| 11 | Range | ☒ | | | | | |
| 12 | Refrigerator | ☒ | | | | | |
| 13 | T.V. antenna: ☐Owned ☐Leased | | | | | ☒ | |
| 14 | Satellite system or DSS dish: ☐Owned ☒Leased | ☒ | | | | | |
| 15 | Trash compactor | | | | | ☒ | |

### D. ELECTRICAL & TELECOMMUNICATIONS
Are the following now in working condition:

| # | Item | Yes | No | Do Not Know | Age If Known | N/A | Comments |
|---|---|---|---|---|---|---|---|
| 1 | Security system: ☐Owned ☐Leased | | | | | ☒ | |
| 2 | Smoke/fire detectors: ☐Battery ☒Hardwire | ☒ | | | | | |
| 3 | Carbon Monoxide Alarm: ☒Battery ☐Hardwire | ☒ | | | | | |
| 4 | Light fixtures | ☒ | | | | | |
| 5 | Switches & outlets | ☒ | | | | | |
| 6 | Aluminum wiring (110) | | | ☒ | | | |
| 7 | Electrical: Phase  Voltage  Amps | ☒ | | | | | |
| 8 | Telecommunications (T1, fiber, cable, satellite) | ☒ | | | | | |
| 9 | Inside telephone wiring & blocks/jacks | ☒ | | | | | |
| 10 | Ceiling fans | ☒ | | | | | |
| 11 | Garage door opener | ☒ | | | | | |
| 12 | Garage door control(s) # 2 | ☒ | | | | | |
| 13 | Intercom/doorbell | | | | | ☒ | |
| 14 | In-wall speakers | | | | | ☒ | |
| 15 | 220 volt service | ☒ | | | | | |
| 16 | Landscape lighting | | | | | ☒ | |

### E. MECHANICAL
Are the following now in working condition:

| # | Item | Yes | No | Do Not Know | Age If Known | N/A | Comments |
|---|---|---|---|---|---|---|---|
| 1 | Air conditioning: | | | | | | |
|  | Evaporative cooler | | | | | ☒ | |
|  | Window units | ☒ | | | | | |
|  | Central | | | | | ☒ | |
| 2 | Attic/whole house fan | | | | | ☒ | |
| 3 | Vent fans | | | | | ☒ | |
| 4 | Humidifier | | | | | ☒ | |
| 5 | Air purifier | | | | | ☒ | |
| 6 | Sauna | | | | | ☒ | |
| 7 | Hot tub or spa | ☒ | | | | | |
| 8 | Steam room/shower | | | | | ☒ | |
| 9 | Pool | | | | | ☒ | |
| 10 | Heating system: Type Forced Air Fuel Propane  Type  Fuel | ☒ | | | | | |
| 11 | Water heater: Number of  Fuel type Propane Capacity | ☒ | | | | | |
| 12 | Fireplace: Type  Fuel | | | | | ☒ | |
| 13 | Fireplace insert | | | | | ☒ | |
| 14 | Stove: Type  Fuel | | | | | ☒ | |
| 15 | When was fireplace/wood stove, chimney/flue last cleaned: Date: ☐Do not know | | | | | ☒ | |
| 16 | Fuel tanks: ☒Owned ☐Leased | ☒ | | | | | |

1/7/2015   https://www.ctmecontracts.com/eContracts/m_eCON/CONTRACTS/Listing_Contracts/PRINT_SPD19_08.asp?SO_ID={DA3CC614-D1A3-4DD4-8852-...

| # | Item | Yes | No | Do Not Know | Age If Known | N/A | Comments |
|---|---|---|---|---|---|---|---|
| 17 | Radiant heating system: ☐Interior ☐Exterior Hose Type | | | | | ☒ | |
| 18 | Overhead door | | ☒ | | | | |
| 19 | Entry gate system | | | | | ☒ | |
| 20 | Elevator/escalators | | | | | ☒ | |

| | | IN WORKING CONDITION | | | | | |
|---|---|---|---|---|---|---|---|
| F. | WATER, SEWER & OTHER UTILITIES Are the following now in working condition: | Yes | No | Do Not Know | Age If Known | N/A | Comments |
| 1 | Water filter system: ☐Owned ☐Leased | | | | | ☒ | |
| 2 | Water softener: ☐Owned ☐Leased | | | | | ☒ | |
| 3 | Sewage problems: ☐Yes ☒No ☐Do not know | | | | | | |
| 4 | Lift station (sewage ejector pump) | | | | | ☒ | |
| 5 | Drainage, storm sewers, retention ponds | ☒ | | | | | |
| 6 | Grey water storage/use | | | | | ☒ | |
| 7 | Plumbing problems: ☐Yes ☒No ☐Do not know | | | | | | |
| 8 | Sump pump | | | | | ☒ | |
| 9 | Underground sprinkler system | | | | | ☒ | |
| 10 | Fire sprinkler system | | | | | ☒ | |
| 11 | Polybutylene pipe: ☐Yes ☐No ☒Do not know | | | | | | |
| 12 | Galvanized pipe: ☐Yes ☐No ☒Do not know | | | | | | |
| 13 | Backflow prevention device: ☐Domestic ☐Irrigation ☐Fire ☐Sewage | | | | | ☒ | |
| 14 | Irrigation pump | | | | | ☒ | |
| 15 | Well pump | ☒ | | | | | |

| | | IN WORKING CONDITION | | | | | |
|---|---|---|---|---|---|---|---|
| G. | OTHER DISCLOSURES—IMPROVEMENTS | Yes | No | Do Not Know | Age If Known | N/A | Comments |
| 1 | Included fixtures and equipment now in working condition | | | | | ☒ | |
| 2 | | | | | | ☒ | |
| 3 | | | | | | ☒ | |
| 4 | | | | | | ☒ | |

## II. GENERAL

| | | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| H. | USE, ZONING & LEGAL ISSUES Do any of the following conditions now exist: | | | | | |
| 1 | Zoning violation, variance, conditional use, violation of an enforceable PUD or non-conforming use | | ☒ | | | |
| 2 | Notice or threat of condemnation proceedings | | ☒ | | | |
| 3 | Notice of any adverse conditions from any governmental or quasi-governmental agency that have not been resolved | | ☒ | | | |
| 4 | Violation of restrictive covenants or owners' association rules or regulations | | ☒ | | | |
| 5 | Any building or improvements constructed within the past one year from this Date without approval by the Association or the designated approving body | | | | ☒ | |
| 6 | Notice of zoning action related to the Property | | ☒ | | | |
| 7 | Other legal action | | ☒ | | | |

| | | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| I. | ACCESS, PARKING, DRAINAGE & SIGNAGE Do any of the following conditions now exist: | | | | | |
| 1 | Any access problems | | ☒ | | | |
| 2 | Roads, driveways, trails or paths through the Property used by others | | ☒ | | | |
| 3 | Public highway or county road bordering the Property | ☒ | | | | |
| | Any proposed or existing transportation project that affects | | | | | |

| | | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| 4 | or is expected to affect the Property | | ☒ | | | |
| 5 | Encroachments, boundary disputes or unrecorded easements | | ☒ | | | |
| 6 | Shared or common areas with adjoining properties | | ☒ | | | |
| 7 | Requirements for curb, gravel/paving, landscaping | | ☒ | | | |
| 8 | Flooding or drainage problems: Past | | ☒ | | | |
| 9 | Flooding or drainage problems: Present | | ☒ | | | Excessive Rain this year 2014. Catch pond filled. |

| J. | WATER & SEWER SUPPLY Do any of the following conditions now exist: | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| 1 | Water Rights Type: Well | ☒ | | | | |
| 2 | Water tap fees paid in full | ☒ | | | | |
| 3 | Sewer tap fees paid in full | ☒ | | | | |
| 4 | Subject to augmentation plan | | ☒ | | | |
| 5 | Well required to be metered | | ☒ | | | |
| 6 | Type of water supply: ☐Public ☐Community ☒Well ☐Shared Well ☐Cistern ☐None<br>If the Property is served by a Well, a copy of the Well Permit ☐Is ☒Is Not attached. Well Permit #:<br>☐ Drilling Records ☐Are ☐Are Not attached. Shared Well Agreement ☐Yes ☐No.<br>The Water Provider for the Property can be contacted at:<br>Name: Address:<br>Web Site: Phone No.:<br>☐ There is neither a Well nor a Water Provider for the Property. The source of potable water for the Property is [describe source]:<br>SOME WATER PROVIDERS RELY, TO VARYING DEGREES, ON NONRENEWABLE GROUND WATER. YOU MAY WISH TO CONTACT YOUR PROVIDER (OR INVESTIGATE THE DESCRIBED SOURCE) TO DETERMINE THE LONG-TERM SUFFICIENCY OF THE PROVIDER'S WATER SUPPLIES. | | | | | |
| 7 | Type of sanitary sewer service: ☐Public ☐Community ☒Septic System ☐None ☐Other<br>If the Property is served by an on-site septic system, supply to buyer a copy of the permit.<br>Type of septic system: ☒Tank ☒Leach ☐Lagoon | | | | | |

| K. | ENVIRONMENTAL CONDITIONS Do any of the following conditions now exist or have they ever existed: | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| 1 | Hazardous materials on the Property, such as radioactive, toxic, or biohazardous materials, asbestos, pesticides, herbicides, wastewater sludge, radon, methane, mill tailings, solvents or petroleum products | | ☒ | | | |
| 2 | Underground storage tanks | | ☒ | | | |
| 3 | Aboveground storage tanks | | ☒ | | | |
| 4 | Underground transmission lines | | ☒ | | | |
| 5 | Animals kept in the residence | ☒ | | | | Domestic Animals Only |
| 6 | Property used as, situated on, or adjoining a dump, land fill or municipal solid waste land fill | | ☒ | | | |
| 7 | Monitoring wells or test equipment | | ☒ | | | |
| 8 | Sliding, settling, upheaval, movement or instability of earth or expansive soils on the Property | | ☒ | | | |
| 9 | Mine shafts, tunnels or abandoned wells on the Property | | ☒ | | | |
| 10 | Within governmentally designated geological hazard or sensitive area | | ☒ | | | |
| 11 | Within governmentally designated flood plain or wetland area | | ☒ | | | |
| 12 | Dead, diseased or infested trees or shrubs | | ☒ | | | |
| 13 | Environmental assessments, studies or reports done involving the physical condition of the Property | | | ☒ | | |
| 14 | Property used for any mining, graveling, or other natural resource extraction operations such as oil and gas wells | | ☒ | | | |
| 15 | Interior of improvements of Property tobacco smoke-free | ☒ | | | | |
| 16 | Other environmental problems | | ☒ | | | |

| L. | COMMON INTEREST COMMUNITY-ASSOCIATION PROPERTY Do any of the following conditions now exist: | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| 1 | Property is part of an owners' association | | | | ☒ | |
| 2 | Special assessments or increases in regular assessments approved by owners' association but not yet implemented | | | | ☒ | |
| | Has the Association made demand or commenced a lawsuit | | | | | |

| | | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| 3 | against a builder or contractor alleging defective construction of improvements of the Association Property (common area or property owned or controlled by the Association but outside the Seller's Property or Unit). | | | ☒ | | |

| M. | OTHER DISCLOSURES — GENERAL<br>Do any of the following conditions now exist: | Yes | No | Do Not Know | N/A | Comments |
|---|---|---|---|---|---|---|
| 1 | Any part of the Property leased to others (written or oral) | | ☒ | | | |
| 2 | Written reports of any building, site, roofing, soils or engineering investigations or studies of the Property | | ☒ | | | |
| 3 | Any property insurance claim submitted (whether paid or not) | ☒ | | | | For Hail Damage |
| 4 | Structural, architectural and engineering plans and/or specifications for any existing improvements | | ☒ | | | |
| 5 | Property was previously used as a methamphetamine laboratory and not remediated to state standards | | ☒ | | | |
| 6 | Government special improvements approved, but not yet installed, that may become a lien against the Property | | ☒ | | | |
| | | | | | ☒ | |

Seller and Buyer understand that the real estate brokers do not warrant or guarantee the above information on the Property. Property inspection services may be purchased and are advisable. This form is not intended as a substitute for an inspection of the Property.

**ADVISORY TO SELLER:**

**Failure to disclose a known material defect may result in legal liability.**

The information contained in this Disclosure has been furnished by Seller, who certifies to the truth thereof based on Seller's CURRENT ACTUAL KNOWLEDGE.

*James R. Maes*      Date: 8/16/2014    JRM
Seller: **James R. Maes**

*Gina M. Maes*      Date: 8/16/2014    GMM
Seller: **Gina M. Maes**

**ADVISORY TO BUYER:**

1. Even though Seller has answered the above questions to Seller's current actual knowledge, Buyer should thoroughly inspect the Property and obtain expert assistance to accurately and fully evaluate the Property to confirm the status of the following matters:

a. the physical condition of the Property;
b. the presence of mold or other biological hazards;
c. the presence of rodents, insects and vermin including termites;
d. the legal use of the Property and legal access to the Property;
e. the availability and source of water, sewer, and utilities;
f. the environmental and geological condition of the Property;
g. the presence of noxious weeds; and
h. any other matters that may affect Buyer's use and ownership of the Property that are important to Buyer as Buyer decides whether to purchase the Property.

2. Seller states that the information is correct to "Seller's current actual knowledge" as of the date of this form. The term "current actual knowledge" is intended to limit Seller's disclosure only to facts actually known by the Seller and does not include constructive knowledge or "common knowledge" or what Seller "should have known" about the Property. The Seller has no duty to inspect the Property when this Disclosure is filled in and signed.

3. Valuable information may be obtained from various local/state/federal agencies, and other experts may assist Buyer by performing more specific evaluations and inspections of the Property.

4. Boundaries, location and ownership of fences, driveways, hedges, and similar features of the Property may become the subjects of a dispute between a property owner and a neighbor. A survey may be used to determine the likelihood of such problems.

5. Whether any item is included or excluded is determined by the contract between Buyer and Seller and not this Seller's Property Disclosure.

6. Buyer acknowledges that Seller does not warrant that the Property is fit for Buyer's intended purposes or use of the Property. Buyer acknowledges that Seller's indication that an item is " working is not to be construed as a warranty of its continued operability or as a representation or warranty that such item is fit for Buyer's intended purposes.

7. Buyer hereby receipts for a copy of this Disclosure.

*Karen L Lovell*

Buyer: Karen L Lovell     Date: 11/3/2014

*Harry C Long, Jr.*

Buyer: Harry C Long, Jr.     Date: 11/3/2014

**SPD29-10-11. SELLER'S PROPERTY DISCLOSURE (RESIDENTIAL)**
CTM eContracts - ©2014 CTM Software Corp.

# Invoice

**High Plains Sanitation Service**

55562 E CR 46
Strasburg, CO 80136
303-622-4126
highplainssan@gmail.com    www.highplainssanitation.com

DATE FILED: April 15, 2016 2:56 PM
FILING ID: 11924A2074BF10B  11-14-48
CASE NUMBER: 2016CV30953

| Date | Invoice # |
|---|---|
|  |  |

**Bill To**
Jim Maes
68300 E Harvard Ave
Byers, CO 80103

| P.O. No. | Terms | Project |
|---|---|---|
|  | Upon Receipt |  |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 1 | Septic System Inspection | 275.00 | 275.00 |
| 1 | Use Permit Processing | 110.00 | 110.00 |

**Total** $385.00



PLAINTIFF'S EXHIBIT 2

 

## High Plains Sanitation Service
Onsite Wastewater System Inspection Report

Property Address:    68300 E Harvard Ave, Byers, CO 80103-9732

DATE FILED: April 15, 2016 2:30 PM
FILING ID: 50324E27BF10B
CASE NUMBER: 2016CV30953

### COUNTY RECORD SEARCH

County for Records -   Tri County Health Department - Arapahoe

Records enclosed -    Septic files

### SITE INSPECTION

Age of system - 2002 (8 years)

Date of Inspection -   11/20/14        Date of Last Pumping - 08/13/14

Service Provider of last pumping -    High Plains Sanitation Service
55562 E County Road 46
Strasburg, CO 80136
303-622-4126
highplains@tds.net

Tank Information - 1250 - 2 compartment - concrete tank.
- Located - Approximately 68' southwest of the southwest corner of the house. All lids are to grade. There are 1' risers on the access ports of the tank. The inlet access port lid and risers are in good condition. The outlet access port lid is broken and needs to be replaced.
- Tank Integrity - Tank appears to be in good condition with no apparent cracks or leakage from the chambers, but was overfull at the time of inspection.
- Baffles & Tees - Plastic PVC Tees on the inlet and outlet.
- Sludge level in the 1st compartment was 9" and in the 2nd compartment it was 4".
- Scum layer in the 1st compartment was 7" and in the 2nd compartment it was 0".
- Inlet line - Was full of water at the time of inspection.
- Outlet line - Was full of water at the time of inspection, and showed damage to upper lid.

Absorption system information
- Type of system - Gravity fed, gravel bed. The dimensions of the field are 20' X 65'.
- Components of absorption system - The field is located approximately 20' southwest of the septic tank. Refer to the "As Built" Drawing" provided by High Plains Sanitation for approximate locations of the tank and field.
- Soil Conditions at the time of inspection - saturated, with 14" of standing effluent in inspection port. This indicates the field is oversaturated and no longer taking water.

**PLAINTIFF'S EXHIBIT 3**

**OBSERVATIONS:**

At the time of this inspection, we found the system to be in questionable condition, and not functioning properly. The tank was overfull, despite being pumped in August 2014, and the upper lid on the outlet side was cracked. When the system was pumped August 2014, it was noted that the field was underwater at that time, due to excessive rains and flooding in the area. As of Nov 2014, the field has not dried out and is not taking water from the tank. There is standing effluent in the inspection port of the field, and excessive sludge was noted when the field was probed. We were unable to perform an operations test due to both the inlet and outlet lines being full of water.

The septic tank was NOT pumped as part of this inspection.

**RECOMMENDATIONS:**

We recommend that the tank be pumped every 2-3 years to assess the amount of usage and condition of the system.

We recommend that a new leaching field be installed, as the current field is over-saturated, showing excessive sludge, and no longer taking water.

We recommend that the outlet access lid be replaced.

We recommend that the grass and weeds over the leaching field be kept mowed to help in evapotranspiration of the leaching field.

We recommend keeping livestock off the field. Livestock compact the soil and will inhibit the field from functioning correctly.

We recommend that water conservation practices be utilized to avoid hydraulic overload, i.e. spread wash out over the week, no more than 2 loads a day, check for and repair leaking faucets and running toilets regularly, limit the length of showers, etc.

Neither High Plains Sanitation Services nor any of its agents or employees undertake or assume liability to the owner of the above property, or any purchaser of the above property or any lending agency making a loan on the above property in connection with either its examination of the property or in the report.

This is a visual inspection conducted solely for the purpose of detecting health hazards observable at the time of inspection, and does not constitute a warranty that the system is without flaw or that it will continue to function in the future. Inspections requested during periods of rain, snow or when a residence has been unoccupied may be of questionable value.

Signature _____
County Pumping License Numbers:     TCHD – CIO002112

68300 E Harvard Ave, Byers, CO 80103-9732     Page 2



68300 E Harvard Ave, Byers, CO 80103-9732



Well located 110' east of Southeast corner of house



Cleanouts located on southeast side of house


Looking southwest from the cleanout to tank


Looking northeast from tank to the house


Outlet access port lid is broken and needs to be replaced


Inlet access port of the tank - Overfull


Outlet access port of the tank



Looking southwest from the tank to the field



Looking southwest from the northeast end of field



Looking northeast from the southwest end of the field



Inspection Port at Southwest Corner of Field

68300 E Harvard Ave, Byers, CO 80103-9732

Page 5